E-FILED
Wednesday, 01 August, 2018 08:50:27 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES E. COLLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-3126 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

Petitioner James E. Collins has filed a Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255. Upon reviewing the motion and the record, the Court finds that no evidentiary hearing is needed and the Petitioner is entitled to no relief.

At a final revocation hearing on October 5, 2017, based on a Grade A violation and Criminal History Category of III, the Court determined that Petitioner James Collins's guideline range was 30 to 37 months. Upon admitting to the manufacture and delivery of a controlled substance, James Collins was sentenced to 30 months in the custody of the Bureau of Prisons followed by two years of supervised release. *See United States v. James Collins*, Case Number 95-30078, Doc. No. 449. The Court ordered that the sentence be served consecutively

to any term imposed in Sangamon County Circuit Court, Case Number 2017-CF-709. The Sangamon County case remains pending and is set for trial on August 20, 2018. The Petitioner is charged in that case with Manufacture/Delivery of a Controlled Substance.

In his § 2255 motion, the Petitioner alleges the record shows that the actual conduct by the Defendant was "mere possession." He states that the individual with whom he was arrested had arranged to sell the cocaine to a confidential source. The Petitioner claims he did not engage in such conduct. The Petitioner also questions whether the substance was actually a controlled substance.

The Petitioner also states that the transcript does not show that the Court considered 18 U.S.C. § 3553(a)(2)(D), which directs courts to consider a defendant's "needed educational or vocational training, medical care or other correctional treatment in the most effective manner."

The Petitioner also claims that his conduct was a Class C violation and the maximum sentence that could be imposed was two years.

The Petitioner's claims are without merit. He admitted to the manufacture and delivery of a controlled substance—at least that the Government could prove the charge by a preponderance of the evidence--as alleged in the petition for revocation, which is a Grade A violation. Consequently, the statutory maximum was five years. *See* 18 U.S.C. § 3583(e)(3).

The Petitioner also asserts an ineffective assistance of counsel claim based on his assertion that the offense was a Class C offense. Because it was a Grade A violation, the Petitioner's claim is without merit.

Even if there had been an error in calculating the guidelines, the Petitioner would be entitled to no relief. "[S]entencing errors are generally not cognizable on collateral review." *Hawkins v. United States*, 706 F.3d 820, 826 (7th Cir. 2013). "Relief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (internal quotation marks omitted). "[A]bsent a fundamental miscarriage of justice, arguments based on the Sentencing Guidelines must be raised on direct appeal or not at all." *Allen v. United States*, 175 F.3d 560, 563 (7th Cir. 1999). "Purported errors in the calculation of the Guidelines are the ordinary grist of the mill for direct appeals, and that would have been the appropriate vehicle for any argument of that nature." *United States v. George*, 2012 WL 426741, at *1 (N.D. Ill. Feb. 10, 2012).

The Petitioner admitted that the Government could prove he committed a Grade A violation. The offense with which he is charged is a Grade A violation, not a Grade C violation. The sentence imposed by the Court did not exceed the statutory maximum.

Based on the foregoing, the Petitioner is not entitled to relief under § 2255.

An appeal may be taken if the Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). The Court is unable to conclude that reasonable jurists would find the Court's assessment of the Petitioner's section 2255 claims debatable or wrong. Because the Petitioner has not "made a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings.

Ergo, the Petitioner's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. §2255 [d/e 1] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to grant a certificate of appealability.

The Clerk will enter Judgment and terminate this case.

ENTER: July 31, 2018

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge